UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-60310-CIV-GAYLES/WHITE

**EUGENE SUGGS**,

    Petitioner,
vs.

**FLORIDA PAROLE COMMISSION**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report ("Report") [ECF No. 14]. On February 5, 2014, Petitioner, Eugene Suggs ("Suggs"), filed a *pro se* Petition ("Petition") [ECF No. 1] pursuant to 28 U.S.C. § 2241, challenging the revocation of his conditional release supervision and subsequent confinement. The Clerk referred the case to Magistrate Judge White under Administrative Order 2003-19 for a report and recommendation on any dispositive matters. [ECF No. 3]. In the Report, Magistrate Judge White recommends the Petition be denied, the case closed, and a certificate of appealability denied. (*See* Rep. 20). Suggs timely filed objections ("Objections") [ECF No. 17] to the Report. The Court has carefully reviewed the Report, the Objections, the record, and applicable law.

When a petitioner properly objects to a magistrate judge's disposition of a matter, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). If no party timely objects, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). In this case, Suggs has timely submitted objections.

Suggs asserts that there was not sufficient competent evidence to revoke his conditional release. A review of the record reflects otherwise. The parole examiner considered the testimony of several individuals, including Correctional Probation Specialist Campbell and Sugg's mother. There was clearly enough evidence to support a finding that these witnesses were credible and that Suggs was not home past curfew. The Court, therefore, is in full agreement with Judge White's comprehensive analysis and recommendations and finds the Petition should be denied.

For the reasons stated above, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 17]** is **AFFIRMED AND ADOPTED**, and the Petition **[ECF No. 1]** is **DENIED**. The Clerk is directed to mark this case **CLOSED**, and any pending motions are **DENIED as moot**.

Under 28 U.S.C. § 2253(c)(1), an appeal may not be taken from a final order in a habeas corpus proceeding unless a Certificate of Appealability is issued. The Certificate must contain a finding that the applicant has made a substantial showing of the denial of a constitutional right and must indicate which specific issue or issues satisfy the required showing. Applying these standards, the Court finds that there is no substantial showing of a denial of a constitutional right. Accordingly, a Certificate of Appealability **SHALL NOT ISSUE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of January, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE